IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| RICHARD L. MOSS and | ) | |
| JOANNE MOSS | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No.: 3:18-CV-1784 |
| | ) | |
| DOERING KENNELS, INC. | ) | JURY TRIAL DEMANDED |
| D/B/A THE HUNT CLUB | ) | |
| | ) | |
| and | ) | |
| | ) | |
| RON DOERING | ) | |
| D/B/A THE HUNT CLUB | ) | |
| | ) | |
| and | ) | |
| | ) | |
| JILL DOERING | ) | |
| D/B/A THE HUNT CLUB | ) | |
| | ) | |
| and | ) | |
| | ) | |
| JULIAN RAMON | ) | |
| | ) | |
| and | ) | |
| | ) | |
| GREG MUELLER | ) | |
| | ) | |
| and | ) | |
| | ) | |
| MILLENNIUM OUTDOORS, INC. | ) | |
| | ) | |
| Defendants. | ) | |

## FIRST AMENDED COMPLAINT

Comes now Plaintiffs, RICHARD L. MOSS and JOANNE MOSS, by and through their undersigned attorneys, Casey & Devoti, P.C., and for their First Amended Complaint, state and allege as follows:

# PARTIES

1. At all relevant times herein, Plaintiff RICHARD L. MOSS was and is a citizen of Doerun, Colquitt County, Georgia.

2. At all times herein, Plaintiff JOANNE MOSS was and is a citizen of Doerun, Colquitt County, Georgia.

3. At all relevant times herein, Defendant DOERING KENNELS, INC. (hereinafter referred to as "DOERING") was and is an Illinois corporation, with its principal place of business in Percy, Randolph County, Illinois; DOERING does business as The Hunt Club.

4. At all relevant times herein, Defendant RON DOERING (hereinafter referred to as "RON") was and is a citizen of Percy, Randolph County, Illinois; RON does business as The Hunt Club.

5. At all relevant times herein, Defendant JILL DOERING (hereinafter referred to as "JILL") was and is a citizen of Percy, Randolph County, Illinois; JILL does business as The Hunt Club.

6. At all relevant times herein, Defendant JULIAN RAMON (hereinafter referred to as "JULIAN") was and is a citizen of Percy, Randolph County, Illinois.

7. At all relevant times herein, Defendant GREG MUELLER (hereinafter referred to as "GREG") was and is a citizen of Percy, Randolph County, Illinois.

8. At all relevant times herein, Defendant MILLENNIUM OUTDOORS, INC. (hereinafter referred to as "MILLENNIUM"), was and is a Mississippi corporation, with its principal place of business in Jackson, Hinds County, Mississippi; MILLENNIUM is engaged in the business of designing, manufacturing, testing, inspecting, distributing and selling hunting tree

stands and climbing sticks and accessories thereto, which includes straps to secure the same to trees.

9. At all relevant times herein, Defendants DOERING, RON, JILL, RAMON, GREG and MILLENNIUM acted by and through their agents, servants, and employees, including each other, who at all times herein mentioned acted within the course and scope thereof.

## JURISDICTION AND VENUE

10. This Court has original jurisdiction under 28 U.S.C. § 1332 in that there is complete diversity of citizenship between Plaintiff and all Defendants and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

11. Venue is proper in this Court under 28 U.S.C. § 1391 in that Defendants DOERING, RON, JILL, JULIAN, and GREG reside within this district, and a substantial part of the events giving rise to this action occurred in this district.

## FACTS COMMON TO ALL COUNTS

12. At all relevant times herein, Defendants DOERING, RON and JILL owned, operated, managed, and maintained a private all-inclusive hunting club, The Hunt Club, on 10,000 acres of land owned and operated by said Defendants in Percy, Randolph County, Illinois.

13. At all relevant times herein, Defendants DOERING, RON and JILL employed Defendants JULIAN and GREG to manage, oversee, operate and maintain The Hunt Club, including its tree stands, climbing sticks, straps and other accessories used by hunters at The Hunt Club.

14. Plaintiff paid The Hunt Club $3,000.00 to hunt deer at The Hunt Club from October 3, 2016 through October 7, 2016.

15. On October 4, 2016, Plaintiff RICHARD L. MOSS was taken to a tree stand by Defendants JULIAN and GREG; the tree stand was approximately twenty-five feet up in a tree; Plaintiff got up to the tree stand by climbing sticks attached to the tree by straps.

16. The climbing sticks and corresponding straps traversed by Plaintiff RICHARD L. MOSS (hereinafter referred to as the "Product") were designed, manufactured, tested, inspected, distributed and placed into the stream of commerce by MILLENIUM and acquired by The Hunt Club some time prior to October 4, 2016.

17. After hunting from the tree stand; Plaintiff RICHARD L. MOSS began climbing down the Product when the strap securing the top section of the climbing sticks to the tree snapped causing the climbing sticks to fail and Plaintiff RICHARD L. MOSS to fall approximately twenty feet to the ground (hereinafter referred to as the "Occurrence").

18. As a direct and proximate result of the Occurrence, Plaintiff RICHARD L. MOSS was caused to sustain the following serious and permanent bodily injuries and damages; Plaintiff broke his right foot; Plaintiff suffered a compression fracture to his L3 and L4 vertebrae; Plaintiff suffered sprains to his left knee, right wrist and right elbow; Plaintiff suffered an infection to his right foot; and Plaintiff was caused to undergo severe pain and mental anguish as a result thereof.

19. As a further direct result of the Occurrence, Plaintiff RICHARD L. MOSS has been caused to undergo certain reasonable and necessary medical and hospital care and treatment, for which Plaintiff has been caused to incur or become indebted for the approximate amount of Two Hundred and Seventy Thousand Dollars ($270,000.00), and Plaintiff will be

4

caused to undergo further such care and treatment in the future and to incur or become indebted for further such large sums therefor.

20. As a further direct result of the Occurrence, Plaintiff RICHARD L. MOSS has been caused to lose time and earnings from his regular employment in an amount yet to be determined and Plaintiff will be caused to lose further such time and earnings in the future, and Plaintiff's ability work and to labor and to enjoy the ordinary pursuits of life have been seriously and permanently impaired and diminished.

## COUNT I

## NEGLIGENCE:
## DEFENDANTS DOERING, RON, AND JILL

COMES NOW Plaintiff RICHARD L. MOSS for Count I of his First Amended Complaint against Defendants DOERING KENNELS, INC. D/B/A THE HUNT CLUB, RON DOERING D/B/A THE HUNT CLUB and JILL DOERING D/B/A THE HUNT CLUB and alleges and states as follows:

21. Plaintiff hereby adopts by reference each and every allegation contained in paragraphs 1 through 20 of this First Amended Complaint.

22. The premises upon which Plaintiff fell was owned, occupied and controlled by Defendants DOERING, RON and JILL.

23. At the time of the Occurrence, the premises upon which Plaintiff fell was dangerous and defective such that it posed an unreasonable risk of harm to guests of The Hunt Club, including Plaintiff, in that the climbing sticks and straps were unduly aged, weathered and worn to the extent that they were weak and frail such that they no longer served the purpose for which they were manufactured and sold.

24. At the time of the Occurrence, Defendants DOERING, RON and JILL knew or by

the exercise of reasonable care could have known of the dangerous and defective condition of their property.

25.    The Occurrence and resulting injuries and damages sustained by Plaintiff RICHARD L. MOSS were directly and proximately caused by the negligence and carelessness of Defendants DOERING, RON and JILL, and each of them, their agents, servants, and employees in the operation, maintenance, and control of the aforesaid premises in the following respects to-wit:

    (a)    Defendants negligently and carelessly failed and omitted to remove or eliminate the dangerous and defective condition;

    (b)    Defendants negligently and carelessly failed and omitted to barricade or otherwise prevent guests of The Hunt Club, including Plaintiff, from encountering the dangerous and defective condition; and

    (c)    Defendants negligently and carelessly failed and omitted to warn Plaintiff and others of the existence of the aforesaid dangerous and defective condition.

26.    The aforesaid negligence of Defendants DOERING, RON and JILL directly caused or directly contributed to cause injuries and damages to Plaintiff as herein pleaded.

WHEREFORE, Plaintiff RICHARD L. MOSS, prays for judgment against Defendants DOERING KENNELS, INC. D/B/A THE HUNT CLUB, RON DOERING D/B/A THE HUNT CLUB and JILL DOERING D/B/A THE HUNT CLUB in an amount in excess of $75,000.00 that will fully compensate him for his damages at the time of trial, and for his costs of suit.

## COUNT II

## NEGLIGENCE:
## DEFENDANTS DOERING, RON, JILL, JULIAN AND GREG

COMES NOW Plaintiff RICHARD L. MOSS for Count II of his First Amended

Complaint against Defendants DOERING KENNELS, INC. D/B/A THE HUNT CLUB, RON DOERING D/B/A THE HUNT CLUB and JILL DOERING D/B/A THE HUNT CLUB, JULIAN RAMON and GREG MUELLER and alleges and states as follows:

27. Plaintiff hereby adopts by reference each and every allegation contained in paragraphs 1 through 20 of this First Amended Complaint.

28. The Product was owned and/or controlled by Defendants DOERING, RON, JILL, JULIAN and GREG.

29. At the time of the Occurrence, the Product was dangerous and defective such that it posed an unreasonable risk of harm to guests of The Hunt Club, including Plaintiff, in that the climbing sticks and straps were unduly aged, weathered and worn to the extent that they were weak and frail such that they no longer served the purpose for which they were manufactured and sold.

30. At the time of the Occurrence, Defendants DOERING, RON, JILL, JULIAN, and GREG knew or by the exercise of reasonable care could have known of the dangerous and defective condition of the Product.

31. The Occurrence and resulting injuries and damages sustained by Plaintiff RICHARD L. MOSS were directly and proximately caused by the negligence and carelessness of Defendants DOERING, RON, JILL, GREG and JULIAN, and each of them, their agents, servants, and employees in the operation, maintenance, and control of the Product in the following respects to-wit:

    (a) Defendants negligently and carelessly failed and omitted to remove or eliminate the dangerous and defective condition of the Product;

      (b)     Defendants negligently and carelessly failed and omitted to barricade or otherwise prevent guests of The Hunt Club, including Plaintiff, from encountering the dangerous and defective condition of the Product; and

      (c)     Defendants negligently and carelessly failed and omitted to warn Plaintiff and others of the existence of the aforesaid dangerous and defective condition of the Product.

32.     The aforesaid negligence of Defendants DOERING, RON, JILL, JULIAN and GREG directly caused or directly contributed to cause injuries and damages to Plaintiff as herein pleaded.

WHEREFORE, Plaintiff RICHARD L. MOSS, prays for judgment against Defendants DOERING KENNELS, INC. D/B/A THE HUNT CLUB, RON DOERING D/B/A THE HUNT CLUB and JILL DOERING D/B/A THE HUNT CLUB, JULIAN RAMON and GREG MUELLER in an amount in excess of $75,000.00 that will fully compensate him for his damages at the time of trial, and for his costs of suit.

## COUNT III

## NEGLIGENCE: DEFENDANT MILLENIUM

COMES NOW Plaintiff RICHARD L. MOSS for Count III of his First Amended Complaint against Defendant MILLENNIUM OUTDOORS, INC. and alleges and states as follows:

33.     Plaintiff hereby adopts by reference each and every allegation contained in paragraphs 1 through 20 of this First Amended Complaint.

34.     The Product used by The Hunt Club was defective and unreasonably dangerous in that it was likely to fail when used for its intended purpose.

35. The Occurrence and the resulting injuries and damages sustained by Plaintiff as herein pleaded were directly and proximately caused by the negligence and carelessness of Defendant MILLENNIUM, its agents, servants, and employees, in the following respects, to-wit:

(a) MILLENNIUM failed to detect that the Product sold and distributed to The Hunt Club was defective and unreasonably dangerous;

(b) MILLENNIUM failed to remove the Product distributed and sold to The Hunt Club from the stream of commerce when it new or should have known that the Product was defective and unreasonably dangerous;

(c) MILLENIUM failed and omitted to warn Plaintiff and The Hunt Club of the fact that the Product was likely to fail when put to an intended use; and

(d) MILLENNIUM failed and omitted to notify the seller of the Product, that the Product was dangerous and defective and a hazard to the seller's customers when put to an intended use.

36. The aforesaid negligence of Defendant MILLENNIUM directly caused or directly contributed to cause injuries and damages to Plaintiff as herein pleaded.

WHEREFORE, Plaintiff RICHARD L. MOSS, prays for judgment against Defendant MILLENNIUM OUTDOORS, INC. in an amount in excess of $75,000.00 that will fully compensate his for his damages at the time of trial, and for his costs of suit.

## COUNT IV

## STRICT LIABILITY: DEFENDANT MILLENNIUM

COMES NOW Plaintiff RICHARD L. MOSS for Count IV of his First Amended Complaint against Defendant MILLENNIUM OUTDOORS, INC. and alleges and states as follows:

37. Plaintiff hereby adopts by reference each and every allegation contained in paragraphs 1 through 20 of this First Amended Complaint.

38. At all relevant times herein, MILLENNIUM sold and distributed the Product used by The Hunt Club in the course of MILLENNIUM'S business.

39. The Product was used in a manner reasonably anticipated.

40. The defective and unreasonably dangerous condition existed when the Product was sold and left the control of MILLENNIUM.

41. The aforesaid defective and unreasonably dangerous conditions directly caused or directly contributed to cause injuries and damages to Plaintiff as herein pleaded.

WHEREFORE, Plaintiff RICHARD L. MOSS, prays for judgment against Defendant MILLENNIUM OUTDOORS, INC. in an amount in excess of $75,000.00 that will fully compensate him for his damages at the time of trial, and for his costs of suit.

## COUNT V

### BREACH OF IMPLIED WARRANTY: DEFENDANT MILLENNIUM

COMES NOW Plaintiff RICHARD L. MOSS and for Count V of his First Amended Complaint against Defendant MILLENNIUM OUTDOORS, INC. and alleges and states as follows:

42. Plaintiff hereby adopts by reference each and every allegation contained in paragraphs 1 through 20 of this First Amended Complaint.

43. At the time of sale of the Product, MILLENNIUM knew or should have known of the use for which the product was purchased and the conditions to which it could be subjected.

44. Plaintiff RICHARD L. MOSS reasonably relied upon the judgment of MILLENNIUM that the product was fit for such use and conditions.

45.     When sold by MILLENNIUM, the Product was not fit for such use and conditions in that it was likely to fail when used for its intended purpose.

46.     The Product being unfit for such use and conditions directly caused or directly contributed to cause injuries and damages to Plaintiff as herein pleaded.

WHEREFORE, Plaintiff RICHARD L. MOSS, prays for judgment against Defendant MILLENNIUM OUTDOORS, INC. in an amount in excess of $75,000.00 that will fully compensate him for his damages at the time of trial, and for his costs of suit.

## COUNT IV

## FAILURE TO WARN: DEFENDANT MILLENNIUM

COMES NOW Plaintiff RICHARD L. MOSS and for Count IV of his First Amended Complaint against Defendant MILLENNIUM OUTDOORS, INC. and alleges and states as follows:

47.     Plaintiff hereby adopts by reference each and every allegation contained in paragraphs 1 through 20 of this First Amended Complaint.

48.     At the time of sale of the Product, the Product was unreasonably dangerous when put to a reasonably anticipated use without knowledge of its characteristics.

49.     MILLENNIUM did not give an adequate warning of the danger.

50.     The Product being sold without an adequate warning directly caused or directly contributed to cause injuries and damages to Plaintiff as herein pleaded.

WHEREFORE, Plaintiffs RICHARD L. MOSS, prays for judgment against Defendant MILLENNIUM OUTDOORS, INC. in an amount in excess of $75,000.00 that will fully compensate them for their damages at the time of trial, and for their costs of suit.

## COUNT V

## LOSS OF CONSORTIUM: ALL DEFENDANTS

COMES NOW Plaintiff JOANNE MOSS and for Count V of her First Amended Complaint against Defendants DOERING KENNELS, INC. D/B/A THE HUNT CLUB, RON DOERING D/B/A THE HUNT CLUB and JILL DOERING D/B/A THE HUNT CLUB, JULIAN RAMON, GREG MUELLER, and MILLENNIUM OUTDOORS, INC. and alleges and states as follows:

51. Plaintiff hereby adopts by reference each and every allegation contained in paragraphs 1 through 20 of this First Amended Complaint.

52. At all times pertinent hereto, Plaintiff JOANNE MOSS was the lawful wife of Plaintiff RICHARD L. MOSS.

53. As the direct and proximate result of the injuries and damages sustained by her husband, Plaintiff RICHARD L. MOSS, Plaintiff JOANNE MOSS has been caused to lose his society, services, companionship and consortium and will continue to sustain such injuries and damages in the future.

WHEREFORE, Plaintiff JOANNE MOSS, prays for judgment against Defendants DOERING KENNELS, INC. D/B/A THE HUNT CLUB, RON DOERING D/B/A THE HUNT CLUB and JILL DOERING D/B/A THE HUNT CLUB, JULIAN RAMON, GREG MUELLER, and MILLENNIUM OUTDOORS, INC. in an amount in excess of $75,000.00 that will fully compensate her for her damages at the time of trial, and for her costs of suit.

                    CASEY & DEVOTI, P.C.

by     */s/ Matthew C. Casey*
        _____
        Matthew C. Casey         #6273786
        124 Gay Avenue
        St. Louis, Missouri   63105
        (314) 421-0763
        Fax (314) 421-5059
        mcc@caseydevoti.com

        Attorney for Plaintiffs